39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patricia L. WOODS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-5111.
 United States Court of Appeals, Tenth Circuit.
 Nov. 7, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Patricia Woods appeals from an order of a magistrate judge in the district court denying her applications for social security disability benefits and supplemental security income disability benefits. The parties consented to the jurisdiction of the magistrate judge to make final judgment in this case. Appellant alleges that the findings of the Secretary of Health and Human Services denying benefits were not supported by substantial evidence in the record, and that the administrative law judge erred in applying the medical vocational guidelines (grids) and in failing to call a vocational expert. We affirm.
 
 
 3
 Appellant applied for social security disability benefits after suffering serious injuries in a car accident. Plaintiff had surgery on her ankle following the accident. The medical evidence shows that appellant's doctor, Dr. McCarty, said that plaintiff was "full weight bearing" and could return to work as tolerated on June 21, 1990. The record contains additional evidence from treating and consulting physicians that supports the findings by the administrative law judge and the magistrate judge that appellant was not disabled.
 
 
 4
 The ALJ found that the plaintiff had the residual functional capacity to perform the full range of sedentary work and therefore applied the grids to determine that appellant was not disabled. Appellant argues that the pain and limitation of movement that she experiences precluded the ALJ from relying on the grids. We disagree. As the district court found, nonexertional impairments like pain preclude reliance on the grids only to the extent that such impairments limit the range of jobs available to the claimant. In this case, where substantial evidence supported the ALJ's finding that plaintiff has the residual functional capacity to perform the full range of sedentary work, the application of the grids was appropriate. Under these circumstances, the ALJ was not required to call a vocational expert. We therefore AFFIRM for substantially the reasons given by the magistrate judge. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470